**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SAI-E JOHARI,**

        **Plaintiff,**

    **v.**　　　　　　　　　　　　　　　**Civil Action 2:21-cv-4362**
　　　　　　　　　　　　　　　　　　**Judge Sarah D. Morrison**
　　　　　　　　　　　　　　　　　　**Magistrate Judge Chelsey M. Vascura**

**CITY OF COLUMBUS, *et al.*,**

        **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Sai-E Johari, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*.  (ECF No. 1.)  The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims pursuant to § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3) for failure to state a claim on which relief may be granted and for failure to assert any claim over which this Court has subject-matter jurisdiction.

## I.     REVIEW OF CLAIMS

**A.     Standard of Review**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
>> (i) is frivolous or malicious; [or]
>>
>> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  See also

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal and factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Additionally, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy*

3

*Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

**B.    Analysis**

Plaintiff's Complaint makes two broad categories of allegations against Defendants: First, Plaintiff alleges the City of Columbus and its Mayor, Andrew Ginther, support illegal immigration, as a result of which Plaintiff and other citizens have generally been "subjected to crime perpetuated by illegal aliens," "denied employment in favor of an illegal," "delayed and/or denied HUD housing due to a quota system being put in place, that reserves HUD housing for a cheaper workforce of illegal aliens," and subjected to "excessive wear and tear on the infrastructure."  (Compl. 4, ECF No. 1-1.)  Second, Plaintiff alleges that the City of Columbus and Mayor Ginther "still allow[ ] cigarette smokers to force plaintiff (and all other citizens) to secondhand smoke cigarette smoke, that contains a cocktail of rat poison and 50 other CANCER CAUSING chemicals."  (*Id.* at 11.)  These actions, Plaintiff contends, interfere with his First, Fourth, and Fourteenth Amendment rights.  (*Id.*)  Plaintiff seeks declaratory and injunctive relief as well as over $1.5 million in compensatory damages.  (*Id.* at 29–30.)

Plaintiff's allegations regarding illegal immigration and second-hand cigarette smoke are generalized and conclusory.  This type of "naked assertion" devoid of "further factual enhancement" is insufficient to state claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.  Moreover, Plaintiff does not allege any particular injury that he personally suffered as a result of Defendants' actions relating to illegal immigration and second-hand cigarette smoke.  He therefore lacks standing to assert any claims against the Defendants.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (plaintiff must establish the "irreducible constitutional minimum" of standing by showing that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely

to be redressed by a favorable judicial decision.") (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)). And "[i]f Plaintiff[ ] cannot establish constitutional standing, [his] claims must be dismissed for lack of subject matter jurisdiction." *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). It is therefore **RECOMMENDED** that Plaintiff's claims be dismissed pursuant to § 1915(e) and Rule 12(h)(3) for failure to state a claim on which relief can be granted and for failure to assert any claim over which this Court has subject-matter jurisdiction.

## II.     VEXATIOUS LITIGATOR RECOMMENDATION

This action appears to be the ninth lawsuit Plaintiff has commenced in this district (as well as the fourteenth lawsuit Plaintiff has commenced across the country) and the seventh recommended dismissal of his claims as frivolous pursuant to § 1915(e). For the reasons set forth in the September 3, 2021 Order and Report and Recommendation in Case No. 2:21-cv-4236 (ECF No. 3), incorporated here by reference, it is **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. It is further **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

## III.     DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** pursuant to § 1915(e)(2) and Rule 12(h)(3).

In addition, it is **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. Finally, it is **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE